**DUNKLY et al. v. ERICH et al.**

**No. 11265.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 16, 1946.

Rehearing Denied Dec. 20, 1946.

Charles A. Christin and Thomas J. Keegan, both of San Francisco, Cal., for appellant.

Philip C. Wilkins, of Sacramento, Cal., and Hardin Barry, of Susanville, Cal., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

BONE, Circuit Judge.

The appellants are engaged in the raising of rainbow and brook trout. They own a leasehold interest in certain real property whereon they maintain artificial ponds supplied with water from springs upon the premises. In these ponds appellants place fertilized trout eggs (which they purchase already fertilized from another hatchery), hatch the eggs, and raise the trout to a marketable size. The trout are then killed, dressed, placed in refrigerating units, distributed to the trade and sold for human consumption as food.

The leasehold interest was mortgaged to the appellees and when the obligations under the mortgage were not met, appellees began foreclosure proceedings in the state court. Appellants then sought relief by instituting, in the district court, farmer debtor proceedings under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. Appellants' petition was dismissed by the district court because appellants were not "farmers" and therefore not within the Act. They appeal from this decision which presents the only issue in the case.

Are appellants "farmers", within the meaning of Section 75 of the Bankruptcy Act? The pertinent part of the applicable statute is as follows: § 75, sub. r. "For the purposes of this section * * * the term 'farmer' includes not only an individual who is primarily bona fide personally *engaged in producing products of the soil,*

but also any individual who is primarily bona fide personally *engaged in dairy farming,* the *production of poultry or livestock,* or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations, * * *." 11 U.S. C.A. § 203, sub. r. [Emphasis supplied]

Clearly appellants are not "engaged in producing products of the soil," nor "in dairy farming," nor in the "production of poultry" and no such contention is made. Therefore if the appellants are to be adjudged "farmers," this court must hold that "fish" are "livestock". This we are not prepared to do.

This court is without the power to so expand the plain terms of the statute. "Livestock" is an ordinary word and should be given its ordinary meaning, and ordinarily fish are not considered to be livestock. We cannot agree with the contention made by appellants that because livestock are animals, and fish are animals, therefore fish are livestock.

If additional support were needed it can be found in the legislative history of the Act. Before 1935 this section was general in its terms,[1] but in 1935 Congress saw fit to make the language of the statute more specific by listing and enumerating *products of the soil, dairy farming, poultry* and *livestock.*

Here we have an instance where the statute specifically enumerates certain activities the nature of which is a matter of common understanding. It seems obvious that by this precise enumeration Congress clearly intended to exclude activities not enumerated. By so holding we do not narrow or broaden the meaning of the statutory language. We interpret the term "livestock" in the sense in which it is commonly employed.

We hold that fish are not livestock. For the reasons indicated appellants are not "farmers" and the order of dismissal is affirmed.

1. War ⊜4

---

[1] "For the purpose of this section and section 74, the term 'farmer' means any individual who is personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations." Act of March 3, 1933, 47 Stat. 1467, 1473.